

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable D. W. Burkhalter
County Attorney
Throckmorton County
Box 953
Throckmorton, Texas

Dear Sir:                    Opinion No. O-6667
                             Re: Compensation of the
                             Sheriff under the facts
                             stated.

Your letter of June 14, 1945, requesting the opinion of this department on the question stated therein, is as follows:

"The last clause of Art. 3933 entitled Sheriff provides:

"'For every day the sheriff or his deputy shall attend the district or county court, he shall receive four dollars a day to be paid by the county for each day that the sheriff by himself or a deputy shall attend court.'

"Under the above Article is the Sheriff entitled to the Four Dollars each day in probate matters.

"Or in other words, an application is presented to the county judge to be appointed temporary administrator of a decedent's estate, and the application is granted, and an order issued appointing the applicant temporary administrator, and ordering the Clerk to issue and cause to be posted notice as required by law, and the Clerk issues the notice and the Sheriff posts it, would the Sheriff be allowed Four Dollars to be

paid by the county besides the $1.00 fee al-
lowed for the posting of the notice, or is he
just entitled to the $1.00 for the posting of
the notice?

"Does the above Sec. apply to proceedings
in the Probate Court, or just to proceedings in
the county court?"

Throckmorton County has a population of 4,275 inhab-
itants according to the 1940 Federal Census and the county
officials of said county are compensated on a fee basis.
Therefore, Article 3933, Vernon's Annotated Civil Statutes,
is applicable regarding the compensation of the sheriff of
Throckmorton County.

This department has repeatedly ruled that a sheriff
who is compensated on a fee basis is entitled to pay for at-
tendance upon the court under Article 3933, only when the
court is in actual session and not while merely constructive-
ly in session.

We quote from an opinion of this department, dated
September 26, 1937, addressed to Honorable Ben J. Dean, as
follows:

"In an opinion heretofore rendered by
this department on February 21, 1937, which
was ruled that the sheriff was entitled to
the fees mentioned . . . only when the court
was actually in session. The opinion construes
the phrase 'actually in session' to mean the
presence of the judge, and it also points out
the fact the judge must assume the bench and
proceed with the business of the court. This
opinion has been followed by this department
on numerous occasions."

We quote from opinion No. 0-966 of this department,
dated June 13, 1939, as follows:

"You are respectfully advised that it is
the opinion of this department that the sheriff
of Walker County is entitled to $4.00 each day
he is actually in attendance upon the court
since the statute specifies that this sum is

Honorable D. W. Burkhalter, page 3

to be paid for each day that the sheriff or
his deputy shall attend said court. No per diem
should be allowed where there is no such atten-
dance even though the court may be in session
and is performing its various duties where the
court is required to perform many functions where
the attendance of the sheriff or his deputy is
not necessary. It must be borne in mind that
statutes permitting compensation to public of-
ficials must be strictly construed and it is a
settled policy of the courts not to permit the
payment of fees or other forms of compensation,
unless the statutes specifically and clearly
authorize the same."

The sheriff is entitled to a $1.00 fee for the post-
ing of the notice under Article 3933.

You are respectfully advised that it is the opinion
of this department that the sheriff of Throckmorton County
is entitled to $4.00 per day for each day he is actually
in attendance upon the court, as the statute specifies
that this sum is to be paid for each day that the sheriff
or his deputy shall attend the district or county court.
Stated differently, the sheriff is entitled to $4.00 for
each day he is actually in attendance upon the court. He
would not be entitled to such compensation where he is not
in attendance even though the court may be in session and
is performing its various duties where the court is re-
quired to perform many functions where the attendance of
the sheriff or his deputy is not necessary. The sheriff
would not be entitled to $4.00 for each day that the ad-
ministration is pending or the court is in session, but
would be entitled only to $4.00 for each day in actual
attendance upon the court as stated in the opinions,
portions of which are quoted above.

Yours very truly,

Approved Jun 21, 1945
/s/ Carlos C. Ashley
First Assistant
Attorney General

ATTORNEY GENERAL OF TEXAS

By        /s/
          Ardell Williams
          Assistant

AW:LJ:ddt

Approved Opinion Committee
By B. W. B. Chairman